UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EUGENE SCALLY, CDCR #G-6776, | Case No.  22-CV-140 JLS (MDD) |
| Plaintiff, | **ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(ii) AND 28 U.S.C. § 1915A(b)(1)** |
| vs. | |
| Lt. J. VELASQUEZ, Lt. R. SOLORIO, OFFICER V. FREEMAN, | |
| Defendants. | (ECF No. 4) |

On January 31, 2022, Plaintiff Tony Eugene Scally ("Plaintiff" or "Scally"), currently incarcerated at Calipatria State Prison ("CSP") and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), and thus the Court dismissed the action without prejudice.  ECF No. 3.  Scally was given forty-five days to either pre-pay the $402 filing fee or file a properly supported Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *Id.*  On February 16, 2022, Scally filed an IFP motion and on March 4, 2022, he filed a Prisoner Trust Account Statement.  ECF Nos. 4, 5.

///

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).  The fee is not waived for prisoners, however. If granted leave to proceed IFP, they nevertheless remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels,* 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their actions are dismissed for other reasons.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those

///

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

2

payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Scally has submitted a certified copy of his prison certificate which indicates that during the six months prior to filing suit he had an average monthly balance of $188.46, average monthly deposits of $61.67, and has an available balance of $147.62 in his account at the time he filed suit.  ECF Nos. 4, 5.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and imposes an initial partial filing fee of $37.69 pursuant to 28 U.S.C. § 1915(b)(1).  The remaining balance of the fee owed in this case will be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II.    Screening pursuant to 28 U.S.C. § 1915A(b)

### A.    *Legal Standard*

Because Scally is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b).  Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

3

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.     42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citation omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**C.     Plaintiff's Factual Allegations**

Scally alleges that on August 11, 2021, he was attacked by another inmate, Shareef, as he walked out of his cell to go to breakfast. ECF No. 1 ("Compl.") at 3. He and Shareef began fighting; the fight was eventually broken up by corrections officers. *Id.* According to the Rules Violation Report ("RVR") that was generated as a result of the fight, which Scally has attached to his complaint, Shareef was medically evaluated after the fight and puncture wounds were found "on his lower left back and left hand areas." *Id.* at 10. A search of the area where the fight occurred was then conducted and an inmate manufactured weapon was discovered by Defendant Freeman. *Id.* at 10–11. Scally alleges Freeman

planted the weapon.  *Id.* at 3.  Scally claims that Defendant Velasquez falsified a RVR by stating that Scally assaulted Shareef with a weapon.  *Id*. at 3.  He also claims Defendant Solorio "classified the RVR as a battery on inmate with weapon when it clearly states that I was only fighting with Mr. Shareef."  *Id.*

### D.    Analysis

Scally contends his Fifth Amendment Due Process rights, his Eighth Amendment right to be free from cruel and unusual punishments, and his Fourteenth Amendment right to equal protection have been violated by the actions of Lt. Velasquez, Lt. Solorio, and Officer Freeman in connection with an RVR and disciplinary hearing which resulted from a fight between Scally and another inmate.  *See generally* Compl.

#### 1.    Due Process Claim (Count One)[2]

In Count One, Scally claims Velasquez violated his due process rights by falsely alleging in the RVR that Scally had a weapon in the fight with another inmate.  Compl. at 3.  He also claims that Solorio then improperly classified the RVR as "battery on an inmate with a weapon, and that Freeman lied about finding an inmate manufacture weapon under a table near where the fight took place.  *Id.*

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation

---

[2] Although Scally alleges his Fifth Amendment due process rights were violated, "the Fifth Amendment's due process clause only applies to the federal government."  *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008); *Turner v. City and County of San Francisco*, 892 F. Supp. 2d 1188, 1209 (N.D. Cal. Aug. 29, 2012).  Thus, this Court liberally construes Scally's claim as a Fourteenth Amendment due process claim.

to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980); *Washington v. Harper*, 494 U.S. 210, 221–22 (1990)).   If an inmate identifies a protected liberty interest, due process requires: (1) twenty-four hour advanced written notice of the charges against him, (2) a written statement from the factfinder which identifies the evidence relied on and the reasons for the action taken, (3) an opportunity "to call witnesses and present documentary evidence in his defense when" doing so "will not be unduly hazardous to institutional safety or correctional goals," (4) assistance at the hearing if he is illiterate or the matter is complex, and (5) a "sufficiently impartial" factfinder.  *Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974).

There is no due process right to be free from false accusations or false reports by prison officials.  *See Solomon v. Meyer*, No. 11cv02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no due process right to be free from false disciplinary charges."); *Johnson v. Felker*, No. 12cv02719-GEB KJN P, 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under § 1983."); *Muhammad v. Rubia*, No. 08cv3209-JSW (PR), 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), *aff'd*, 453 Fed. App'x 751 (9th Cir. 2011) ("As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.").  Plaintiff has failed to plausibly allege he did not receive twenty-four hour advanced written notice of the charges against him, a written statement from the factfinder that identifies the evidence relied on and the reasons for the action taken, an opportunity "to call witnesses and present documentary evidence in his defense when" doing so "will not be unduly hazardous to institutional safety or correctional goals," assistance at the hearing if he is illiterate or the

///

///

///

matter is complex, and a "sufficiently impartial" factfinder.  *Wolff*, 418 U.S. at 564–71.[3]
Accordingly, he has not stated a § 1983 claim for which relief can be granted.  *Iqbal*, 556
U.S. at 678.

### 2.    *Eighth Amendment Claim (Count Two)*

In Count Two, Scally contends his Eighth Amendment right to be free from cruel
and unusual punishments was violated when he was placed in Administrative Segregation
("Ad-Seg") following the fight between him and Shareef.  Compl. at 4.  He states that he
was placed in Ad-Seg on August 11, 2021, and was still housed there on January 26, 2022.
*Id.*  He also complains that he is "eating lukewarm soups in a plastic chip bag," is "allowed
one phone call every 14 days," has not had a contact visit in five months, is handcuffed
every time he leaves his cell, and his toothpaste is stale.  *Id.*  He also alleges he is "being
subjected to cold showers every other day," his toilet would not flush for one day so he
was forced smell feces and urine and could not sleep because "the toilet was making loud
noises all night."  *Id.*  He was moved to another cell in Ad-Seg where the toilet flushed
every twenty minutes for thirty-six hours until he was moved to another cell.  *Id.*

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit
inhumane ones . . . ."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v.
Chapman*, 452 U.S. 337, 349 (1981)).  "The [Eighth]Amendment . . . imposes duties on
[prison] officials, who must provide humane conditions of confinement; prison officials
must ensure that inmates receive adequate food, clothing, shelter, and medical care, and
must 'take reasonable measures to guarantee the safety of the inmates.'"  *Id.* (quoting
*Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)).  A prison official can be held liable
only if he "knows of and disregards an excessive risk to inmate health or safety; the official

---

[3] In fact, Scally has attached to his IFP motion (ECF No. 4) a copy of a Supplemental RVR that shows Scally was provided with an Investigative Employee, Officer K. Kortsen, for his case and that Kortsen questioned Shareef, Velasquez, and Freeman on his behalf at the hearing.  *See* ECF No. 4 at 5.

must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Scally's allegations regarding the conditions of his confinement in Ad-Seg do not rise to the level of an Eighth Amendment violation. Rather, they amount to only "routine discomfort inherent in the prison setting" and not the deprivation of humane conditions of confinement. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1113–1114 (9th Cir. 1986) (denial of contact visits does not violate Eighth Amendment); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." (citation omitted)); *Brown v. Flores*, No. 18-cv-01578 LHK (PR) 2018 WL 9838120, at *2–3 (N.D. Cal. Oct. 2018) (stating that "a single defective condition – such as a slippery floor, a leaking roof, or a broken oven – by itself without additional conditions contributing to a threat to an inmate's safety does not create an objectively sufficient and serious condition to implicate the Eighth Amendment"). Accordingly, Plaintiff has not alleged a plausible Eighth Amendment claim for which relief can be granted. *Iqbal*, 556 U.S. at 678.

### 3. *Fourteenth Amendment Equal Protection Claim (Count Three)*

Scally claims in Count Three that his Fourteenth Amendment equal protection rights were violated because while "[i]t is clear that both inmate Shareef and inmate Scally were fighting, . . . only inmate Scally was given a rules violation report." Compl. at 5. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Vacco v. Quill*, 521 U.S. 793, 799 (1997); *Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (per curiam). To state an equal protection claim Plaintiff must set forth facts which plausibly allege Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status.").

Scally has not alleged any facts which show he is a member of a protected class. *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011) ("[N]either prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes."). Nor has Scally shown that Defendants intentionally treated him differently than similarly situated individuals. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601–02 (2008) ("[W]hen it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a 'rational basis for the difference in treatment.'" (quoting *Olech*, 528 U.S. at 564)). Scally was not similarly situated to Shareef. After the altercation, Shareef was found to have puncture wounds and an inmate manufactured deadly weapon was later found in the area of the fight. Compl. at 10. Thus, while both inmates were fighting, only Scally appears to have used a weapon. This fact also provides a rational basis for giving Scally, and not Shareef, an RVR. Accordingly, the Complaint fails to state a plausible claim for denial of equal protection. *Iqbal*, 556 U.S. at 678.

## III.   Conclusion and Order

For the reasons explained, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 4).

2.   **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $37.69 initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

///

///

3.     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4.     **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and Section 1915A(b)(1).

5.     **GRANTS** Plaintiff <u>forty-five (45) days</u> leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based on the Court's lack of subject-matter jurisdiction, Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Sections 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  May 19, 2022

Hon. Janis L. Sammartino
United States District Judge

22-CV-140 JLS (MDD)