1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| TONY EUGENE SCALLY, CDCR #G-6776, | Case No. 22-CV-140 JLS (MDD) |
| Plaintiff, | **ORDER (1) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(ii) AND 28 U.S.C. § 1915A(b)(1); AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| vs. | |
| Lt. J. VELASQUEZ, Lt. R. SOLORIO, OFFICER V. FREEMAN, | |
| Defendants. | (ECF Nos. 8, 9) |

        On January 31, 2022, Tony Eugene Scally ("Plaintiff" or "Scally"), currently incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Compl.," ECF No. 1).  Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), and thus the Court dismissed the action without prejudice.  ECF No. 3.  Scally was given forty-five (45) days to either pre-pay the $402 filing fee or file a properly supported Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *Id.*  On February 16, 2022, Scally filed an IFP motion and on March 4, 2022, he filed a Prisoner Trust Account Statement.  ECF Nos. 4–5.

On May 20, 2022, the Court granted Scally's IFP motion and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii) and 28 U.S.C. § 1915A(b)(1).  ECF No. 7.  Scally was given forty-five (45) days to file an amended complaint which cured the deficiencies of pleading noted in the Order.  ECF No. 7. Scally filed an Amended Complaint on June 2, 2022 ("FAC," ECF No. 8).  On June 13, 2022, he filed a Motion for Appointment of Counsel ("Mot. to Appt. Counsel," ECF No. 9).

## SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)

## I.    Legal Standard

Scally is a prisoner, and thus his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b).  Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

2

*Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## II.   42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citation omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1138 (9th Cir. 2012).

## III.   Plaintiff's Factual Allegations

The allegations in Scally's Amended Complaint are essentially the same as those in his original Complaint. He alleges that on August 11, 2021, he was attacked by another inmate, Shareef, as he walked out of his cell to go to breakfast. Compl. at 3; FAC at 3–4. He and Shareef began fighting; the fight was eventually broken up by corrections officers. Compl. at 3; FAC at 4. Shareef was medically evaluated after the fight and puncture wounds were found "on his lower left back and left hand areas." FAC Ex., ("Supp. RVR," ECF No. 8-1) at 2–3; *see also* Compl. at 10. A search of the area where the fight occurred was then conducted, and an inmate manufactured weapon was discovered by Defendant Freeman. Compl. at 10–11; FAC at 4. Scally alleges that Freeman planted the weapon. Compl. at 3; FAC at 7. Scally claims that Defendant Velasquez falsified a Rules Violation Report ("RVR") by stating that Scally assaulted Shareef with a weapon. Compl. at 3; FAC at 3–4. He also claims Defendant Solorio "classified the RVR as a battery on inmate with

3

weapon when it clearly states that I was only fighting with Mr. Shareef."  Compl. at 3; FAC at 4

## IV.   Analysis

Scally contends his First, Fifth, Eighth, and Fourteenth Amendment rights have been violated by the actions of Lt. Velasquez, Lt. Solorio, and Officer Freeman in connection with an RVR and disciplinary hearing that resulted from a fight between Scally and another inmate.  *See generally* FAC.

### A.   First Amendment[1]

Scally alleges his First Amendment rights were violated in two ways.  First, he claims he is a victim of defamation.  FAC at 3–5, 7–8.  Second, he claims he was retaliated against by the defendants.  *Id*. at 3–5, 7.

#### 1.   Defamation

"[I]f a government official's act of defamation results in a plaintiff being deprived of a previously held constitutionally protected right, a plaintiff may be able to state a claim for defamation under § 1983 on the theory that he or she has been deprived of a constitutionally protected right without the procedural guarantees of the Fourteenth Amendment."  *Gowdy v. Cruz*, No. 1:22-cv-00202-EPG-PC, 2022 WL 2954565, at *3 (E.D. Cal. July 26, 2002).  "To state a claim for § 1983 defamation, a plaintiff must demonstrate (1) that he was stigmatized by a defamatory statement, and (2) that, as a result of the defamatory statement, he was denied of a federally protected interest without due process of law."  *Id.* (citing *Hart v. Parks*, 450 F.3d 1059, 1070 (9th Cir. 2006).  In order to establish he was denied his federally protected rights, a plaintiff must "show that the injury to his reputation was inflicted *in connection* with the deprivation of a federally

///

---

[1] Although Scally alleges his Fifth Amendment due process rights were violated, "the Fifth Amendment's due process clause only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008); *Turner v. City and County of San Francisco*, 892 F. Supp. 2d 1188, 1209 (N.D. Cal. Aug. 29, 2012). Thus, this Court liberally construes Scally's claim as a Fourteenth Amendment due process claim.

protected right," or that "the injury to his reputation *caused* the denial of a federally protected right." *Id.* (quoting *Hart*, 450 F.3d at 1050).

Scally states that the defendants have defamed him by "falsifying documents against [him]" and asserting that he stabbed inmate Shareef.  FAC at 3–8.  Specifically, Scally claims Velasquez falsely alleged in the RVR he filed about the fight that Scally had a weapon.  *Id.*  He also claims Solorio improperly classified the RVR as battery on an inmate with a weapon, and that Freeman lied about finding an inmate manufactured weapon under a table near where the fight took place.  *Id.*

As the Court explained to Scally in its May 20, 2022, dismissal Order, there is no federal due process right to be free from false accusations or false reports by prison officials.  *See Solomon v. Meyer*, No. 11cv02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no due process right to be free from false disciplinary charges."); *Johnson v. Felker*, No. 12cv02719-GEB KJN P, 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under § 1983."); *Muhammad v. Rubia*, No. 08cv3209-JSW (PR), 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), *aff'd*, 453 Fed. App'x 751 (9th Cir. 2011) ("As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.").  Accordingly, Scally has not plausibly alleged a defamation claim against defendants because he has not shown any "injury to his reputation was inflicted *in connection* with the deprivation of a federally protected right," or that "the injury to his reputation *caused* the denial of a federally protected right."  *Gowdy*, 2022 WL 2954565, at *3 (E.D. Cal. July 26, 2002) (quoting *Hart*, 450 F.3d at 1050).

### 2. Retaliation

Scally claims Velasquez and Solorio retaliated against him when they classified Scally's RVR as "battery with a deadly weapon" even though they knew Scally did not possess a weapon during his fight with Shareef and "no witnesses or statements . . . ever

allege[d] or claim[ed] [he] was in possession of a weapon during the mutual combat with Mr. Shareef." FAC at 3. He claims Solomon retaliated against him by ruling against him at his RVR hearing despite Velasquez and Shareef testifying he did not have a weapon during the fight. *Id.* He also claims Freeman retaliated against him by planting a weapon that Freeman claimed to discover during a search after the fight. *Id.*

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). Scally has not stated a plausible retaliation claim against any defendant because he has not plausibly alleged that the defendants acted *because of* Scally's protected conduct or that their actions "did not reasonably advance a legitimate correctional goal." *Id.* Even though witnesses may not have seen a weapon during the altercation between Scally and Shareef, it was reasonable for defendants to conclude that Scally had used a weapon because puncture wounds were found on Shareef's lower back and left hand during the medical evaluation conducted after the fight. *See* Supp. RVR at 3.

### B.   *Eighth Amendment*

Scally contends his Eighth Amendment right to be free from cruel and unusual punishments was violated when he was placed in Administrative Segregation ("Ad-Seg") following the fight between him and Shareef. FAC at 5–6. He states that he was placed in Ad-Seg on August 11, 2021, and was still housed there on January 26, 2022. *Id.* at 6. He also complains that he is "eating lukewarm soups in a plastic chip bag," is "allowed one phone call every 14 days," has not had a contact visit in five months, is handcuffed every time he leaves his cell, is "being subjected to cold showers every other day," and his toothpaste is stale. *Id.* Scally further alleges that the actions of Velasquez, Solorio, and Freeman have caused him to miss the birth of his first two grandchildren because he was scheduled to be released on February 26, 2022, before the altercation with Shareef. *Id.*

1    "The Constitution 'does not mandate comfortable prisons,' . . . but neither does it

2    permit inhumane ones . . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes*

3    *v. Chapman*, 452 U.S. 337, 349 (1981)).  "The [Eighth]Amendment . . . imposes duties on

4    [prison] officials, who must provide humane conditions of confinement; prison officials

5    must ensure that inmates receive adequate food, clothing, shelter, and medical care, and

6    must 'take reasonable measures to guarantee the safety of the inmates.'"  *Id.* (quoting

7    *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).  A prison official can be held liable only

8    if he "knows of and disregards an excessive risk to inmate health or safety; the official

9    must both be aware of facts from which the inference could be drawn that a substantial risk

10   of serious harm exists, and he must also draw the inference." *Id.* at 837.

11   Scally's allegations regarding the conditions of his confinement in Ad-Seg do not

12   rise to the level of an Eighth Amendment violation.  Rather, they amount to only "routine

13   discomfort inherent in the prison setting" and not the deprivation of humane conditions of

14   confinement. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1113–14 (9th Cir. 1986) (holding

15   denial of contact visits does not violate Eighth Amendment); *LeMaire v. Maass*, 12 F.3d

16   1444, 1456 (9th Cir. 1993) ("The Eighth Amendment requires only that prisoners receive

17   food that is adequate to maintain health; it need not be tasty or aesthetically pleasing."

18   (citation omitted)); *Brown v. Flores*, No. 18-cv-01578 LHK (PR), 2018 WL 9838120, at

19   *2–*3 (N.D. Cal. Oct. 3, 2018) ("[A] single defective condition – such as a slippery floor,

20   a leaking roof, or a broken oven – by itself without additional conditions contributing to a

21   threat to an inmate's safety does not create an objectively sufficient and serious condition

22   to implicate the Eighth Amendment." (citation omitted)).  Accordingly, Plaintiff has not

23   alleged a plausible Eighth Amendment claim for which relief can be granted.  *Iqbal*, 556

24   U.S. at 678.

25   ///

26   ///

27   ///

28   ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### C.    Fourteenth Amendment[2]

#### 1.    Due Process

Scally alleges Solomon "violated my Fourteenth Amendment rights when she found me guilty of RVR #7114746 on 2-7-22." FAC at 7. He also claims he "was not afforded the basic or minimum amount of due process regarding [his] disciplinary hearing because [he] lost 360 days of credit before [he] was allowed to present [his] defense or documented evidence," and that Solomon was not an impartial fact finder. *Id.* at 3, 5.

The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (and) (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

"[A] prisoner is entitled to certain due process protections when he is charged with a disciplinary violation." *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974)). When a protected liberty interest arises, federal due process requires prisoners be provided: (1) 24-hour advanced written notice of the charges, (2) a written statement from the factfinder that identifies the evidence relied on and the reasons for the action taken, (3) an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be

---

[2] Although Scally also alleges his Fifth Amendment due process rights were violated, "the Fifth Amendment's due process clause only applies to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008); *Turner v. City and County of San Francisco*, 892 F. Supp. 2d 1188, 1209 (N.D. Cal. 2012). Thus, this Court liberally construes Scally's claim as a Fourteenth Amendment due process claim.

unduly hazardous to institutional safety or correctional goals," (4) assistance at the hearing if he is illiterate or the matter is complex, and (5) a "sufficiently impartial" factfinder. *Wolff*, 418 U.S. at 564–71. When a protected liberty interest is not at stake, the minimum requirements of due process require only that "the findings of the prison disciplinary board [be] supported by some evidence in the record." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454–55 (1985). A protected liberty interest arises where a sentence is exceeded in "an unexpected manner" or where an inmate is subject to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

To the extent Scally alleges he lost custody credits, a protected liberty interest could arise from that loss. *Wolff*, 418 U.S. at 557. But his due process claim would be barred unless and until he can demonstrate that the loss of credits has been invalidated or reversed. *See Heck v. Humphrey*, 512 U.S. 477, 480–82 (1994) (holding that where success on a prisoner's § 1983 action would necessarily impact the validity of a conviction or duration of a sentence the prisoner must first invalidate the underlying conviction or sentence); *see also Edwards v. Balisok*, 520 U.S. 641, 643–47 (1997) (applying *Heck*'s favorable termination requirement to a prisoner's § 1983 action alleging deprivation of good time custody credits).

In any event, Scally has not plausibly alleged he did not receive 24-hour advanced written notice of the charges against him, a written statement from the factfinder that identifies the evidence relied on and the reasons for the action taken, an opportunity "to call witnesses and present documentary evidence in his defense when" doing so "will not be unduly hazardous to institutional safety or correctional goals," assistance at the hearing if he is illiterate or the matter is complex, and a "sufficiently impartial" factfinder. *Wolff*, 418 U.S. at 564–71. In fact, Scally has attached to his Amended Complaint a copy of the Supplemental RVR, which shows (1) Scally was provided with notice of the charges more than 24 hours before the hearing; (2) Scally acknowledged he had received all of the reports associated with the violation; (3) Scally was assigned an Investigative Employee, Officer

K. Kortsen, for his case; and (4) that Kortsen questioned Shareef, Velasquez, and Freeman on Scally's behalf at the hearing.  *See* Supp. RVR at 1–3.  Scally's disagreement with the hearing officer's reasonable decision to rely on Shareef's medical evaluation, which showed Shareef had been stabbed, as circumstantial evidence of Scally's possession of a weapon during the fight is not sufficient to plausibly allege Solomon was an impartial fact finder.  Accordingly, Plaintiff has not stated a § 1983 claim for which relief can be granted. *Iqbal*, 556 U.S. at 678.

### 2.   Equal Protection

Scally claims he has been a victim of racial discrimination, and his Fourteenth Amendment equal protection rights were violated.  FAC at 3–8.  Specifically, he alleges his rights were violated because while "both inmate Shareef and inmate Scally [were] fighting, . . . only I inmate Scally was given a rules violation report."  FAC at 8.  As the Court explained to Scally in its May 20, 2022 Order, the Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."  *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Vacco v. Quill*, 521 U.S. 793, 799, (1997) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982) and *Tigner v. Texas*, 310 U.S. 141, 147 (1940)); *Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (per curiam).  To state an equal protection claim, Plaintiff must set forth facts which plausibly allege Defendants intentionally discriminated against him based on his membership in a protected class.  *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status.").

Scally has not alleged any facts which show he is a member of a protected class. *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011) ("[N]either prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes." (quoting *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999)).  Nor has he shown that Defendants intentionally treated him differently than similarly situated individuals.  *Vill.*

*of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601–02 (2008) ("[W]hen it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a 'rational basis for the difference in treatment.'" (quoting *Olech*, 528 U.S. at 564)). Scally was not similarly situated to Shareef. After the altercation, Shareef was found to have puncture wounds and an inmate manufactured deadly weapon was later found in the area of the fight. FAC at 2–3. Thus, while both inmates were fighting, only Scally appears to have used a weapon. This also provides a rational basis for giving Scally, and not Shareef, an RVR. The Amended Complaint fails to state a plausible claim for denial of equal protection. *Iqbal*, 556 U.S. at 678.

## MOTION TO APPOINT COUNSEL

Scally asks this Court to appoint counsel because his claims are meritorious, and he is unable to find counsel he can afford. *See generally* Mot. to Appt. Counsel. There is no constitutional right to counsel in a civil case and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exception circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that only "exceptional circumstances" support such a discretionary appointment). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability of the pro se litigant to articulate his claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff's Amended Complaint demonstrates that while not formally trained in law, he is capable of legibly articulating the facts and circumstances relevant to his claims. Because Defendants have yet to respond to the Amended Complaint, a determination regarding the likelihood of success on the merits or Scally's ability to prosecute this matter is premature, and therefore exceptional circumstances warranting appointment of counsel do not exist at this time. *See Agyeman*, 390 F.3d at 1103. Thus, the Court **DENIES** ///

Scally's request for appointment of counsel without prejudice to him renewing the request if he wishes to do so at a later stage of these proceedings.

## CONCLUSION

For the reasons explained, the Court:

1.      **DISMISSES** Plaintiff's Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and Section 1915A(b)(1).

2.      **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 9).

3.      **GRANTS** Plaintiff <u>forty-five (45) days</u> leave from the date of this Order in which to file a second amended complaint which cures all the deficiencies of pleading noted above.  Plaintiff's second amended complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in his amended complaint will be considered waived.  *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file a second amended complaint within the time provided, the Court will enter a final Order dismissing this civil action based on the Court's lack of subject-matter jurisdiction, Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Sections 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the

///
///
///
///
///

22-CV-140 JLS (MDD)

opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  August 11, 2022

Hon. Janis L. Sammartino
United States District Judge