UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EUGENE SCALLY, CDCR #G-6776,<br><br>              Plaintiff,<br><br>vs.<br><br>Lt. J. VELASQUEZ, Lt. R. SOLORIO, OFFICER V. FREEMAN,<br><br>              Defendants. | Case No.  3:22-CV-140 JLS (MDD)<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(ii) AND 28 U.S.C. § 1915A(b)(1)**<br><br>(ECF No. 14) |

On January 31, 2022, Tony Eugene Scally ("Plaintiff" or "Scally"), currently incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  *See* Complaint ("Compl.," ECF No. 1). Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), and thus the Court dismissed the action without prejudice. *See* ECF No. 3.  Scally was given forty-five days to either pre-pay the $402 filing fee or file a properly supported Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *Id.*  On February 16, 2022, Scally filed an IFP motion and on March 4, 2022, he filed a Prisoner Trust Account Statement.  *See* ECF No. 4; ECF No. 5.

On May 20, 2022, the Court granted Scally's IFP motion and dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii) and 28 U.S.C. § 1915A(b)(1). ECF No. 7. Scally was given forty-five days to file an Amended Complaint which cured the deficiencies of pleading noted in the Order. ECF No. 7.

Scally filed an Amended Complaint ("FAC") on June 2, 2022, ECF No. 8, and on June 13, 2022, he filed a Motion for Appointment of Counsel. ECF No. 9. The Court again dismissed the action on August 11, 2022, pursuant 28 U.S.C. § 1915(e)(2)(ii) and 28 U.S.C. § 1915A(b)(1), and denied Scally's Motion for Appointment of Counsel. ECF No. 13. He was given forty-five days within which to file an amended complaint. *Id.* Scally filed a Second Amended Complaint ("SAC," ECF No. 14) on September 19, 2022.

**SCREENING PURSUANT TO 28 U.S.C. § 1915A(b)**

**I.  Standard of Review**

As with his two prior complaints, 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b) require the Court to conduct a pre-answer screening of his SAC because he is a prisoner. Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Federal Rule of Civil Procedure 12(b)(6) sets "[t]he standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii)." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## II.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citation omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## III.  Plaintiff's Factual Allegations

The allegations in Scally's SAC are essentially the same as those in his original Complaint and his FAC. He alleges that on August 11, 2021, he was involved in mutual combat with another inmate, Shareef. SAC at 3. The fight was broken up by corrections officers, who Scally alleges searched the area and found no weapons. *Id.* at 3. Shareef was medically evaluated after the fight and puncture wounds were found "on his lower left back and left hand areas." *Id.* at 8. A second search of the area where the fight occurred was then conducted and an inmate manufactured weapon was discovered by Defendant Freeman, which Scally alleges "was from 2012." *Id.* at 3. Scally claims that Defendant Velasquez "knowingly withheld the truth and failed to place in his report that I was never in possession of any weapon." *Id.* at 4. He also claims Defendants failed to take pictures of Shareef's wounds and failed to conduct DNA analysis on the weapon that was found following the altercation. *Id.* at 3–5.

## IV. Analysis

Scally contends the Defendants retaliated against him for a settlement he obtained against another correctional officer, in violation of his First Amendment rights, by failing to properly investigate the altercation between Scally and Shareef and by placing false information into the RVR. *Id.* at 4. He also contends these actions by Defendants violated his Fourteenth Amendment due process rights. *Id.* at 3. Further, Scally alleges Velasquez and Solario defamed him by falsely claiming he stabbed Shareef with a weapon. *Id.* at 5.

### 1. First Amendment

Scally alleges his First Amendment rights were violated in two ways. First, he claims he was retaliated against by the defendants. *Id.* at 4. Second, he claims he is a victim of defamation. *Id.* at 5.

#### a. Retaliation

Scally claims Solorio retaliated against him by failing to properly investigate the circumstances of the altercation between Scally and Shareef, failing to present any witnesses who testified that Scally was armed with a weapon, and failing to take photographs of Shareef's wounds. *Id.* at 4. He claims Velasquez retaliated against him by failing to report that he did not have a weapon during the altercation with Shareef and failing to tell Solorio that he did not possess a weapon. *Id.* He alleges Freeman retaliated against him when he presented a photograph of a weapon which was dated 2012 as proof of Scally's possession of a weapon, failing to take photographs of Shareef's wounds, and failing to conduct DNA testing on the weapon that was found in the day room. *Id.* He also claims Solomon retaliated against him when she relied on the 2012 photograph of a weapon to find him guilty of the RVR even though Shareef testified Scally did not stab him and Velasquez testified Scally did not have a weapon during the altercation. *Id.*

Scally has not stated a retaliation claim against any defendant because he has not plausibly alleged the defendants acted *because of* Scally's protected conduct or that their actions "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "Within the prison context, a viable claim of First

Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id*. The Defendants' failure to take pictures of Shareef's wound, present witnesses who actually saw Scally with a weapon, and conduct DNA testing on the weapon appears to be a result of their reasonable conclusion that Scally had used the weapon found in the dayroom shortly after the fight to stab Shareef because puncture wounds were found on Shareef's lower back and left hand during the medical evaluation conducted after the fight—not because of Scally's lawsuit against a correctional officer thirteen years prior. *See* ECF No. 8-1 at 3. Further, although the evidence placard identifying the weapon is dated August 11, 2012, the date of the incident listed on the photo log, the RVR, and Scally's Complaint is August 11, 2021, indicating that Defendant Freeman simply transposed the last two numbers of the date on the evidence placard. *See* Compl. at 12–13. Indeed, Solomon acknowledged this typographical error in the "findings" section of the Supplemental RVR Scally has attached to his SAC. *See* SAC at 11. These allegations do not show that any of Defendants' actions were taken because of Scally's successful prior lawsuit against a correctional officer or that they did not "reasonably advance [the] legitimate correctional goal" of pursuing disciplinary action against inmates who engage in combative activity while armed. Accordingly, the Court concludes Scally has failed to state a plausible retaliation claim against any Defendant.

    b.  *Defamation*

  Scally also has not stated a plausible defamation claim because he has not shown Defendants' actions or statements resulted in a denial of a constitutionally protected right. A Plaintiff can state a defamation claim under § 1983 "if a government official's act of defamation results in a plaintiff being deprived of a previously held constitutionally protected right . . . ." *Gowdy v. Cruz*, No. 1:22-cv-00202-EPG-PC, 2022 WL 2954565, at *3 (E.D. Cal. July 26, 2002). "To state a claim for § 1983 defamation, a plaintiff must

1 demonstrate (1) that he was stigmatized by a defamatory statement, and (2) that, as a result
2 of the defamatory statement, he was denied of a federally protected interest without due
3 process of law." *Id.* (citing *Hart v. Parks*, 450 F.3d 1059, 1070 (9th Cir. 2006)).  Further,
4 a plaintiff must "show that the injury to his reputation was inflicted *in connection* with the
5 deprivation of a federally protected right," or that "the injury to his reputation *caused* the
6 denial of a federally protected right." *Id.* (quoting *Hart*, 450 F.3d at 1050).

      Scally alleges the defendants have defamed him by falsely "claiming that [he] battered inmate Shareef with a weapon" and "any claim without [an] eyewitness account is defamatory." SAC at 5.  He claims his family members "no longer want to have a relationship with [him] because they think [he] stabbed Mr. Shareef." *Id*.  However, there is no constitutionally protected right to be free from false accusations or false reports by prison officials.  *See Solomon v. Meyer*, No. 11cv02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no due process right to be free from false disciplinary charges."); *Johnson v. Felker*, No. 12cv02719-GEB KJN P, 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under § 1983."); *Muhammad v. Rubia*, No. 08cv3209-JSW (PR), 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), *aff'd*, 453 Fed. App'x 751 (9th Cir. 2011) ("As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.").  Therefore, Scally has not plausibly alleged a defamation claim against defendants because he has not shown any "injury to his reputation was inflicted *in connection* with the deprivation of a federally protected right," or that "the injury to his reputation *caused* the denial of a federally protected right." *Gowdy*, 2022 WL 2954565, at *3 (E.D. Cal. July 26, 2002) (quoting *Hart*, 450 F.3d at 1050).

/ / /
/ / /
/ / /

2. *Fourteenth Amendment*

  a. *Due Process*

Scally alleges Solario, Velasquez, and Freeman deprived him of a fair investigation of the stabbing incident, and thereby violated his due process rights, by failing to conduct DNA testing on the weapon found in the day room and failing to take photographs of Shareef's wounds. SAC at 3. Scally has not stated a plausible § 1983 claim, however, because he has not shown the violation of a liberty interest protected by the Fourteenth Amendment or that he did not receive the process to which he was entitled. The Fourteenth Amendment's due process guarantee "appl[ies] only to the deprivation of interests encompassed by the . . . Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (and) (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). A protected liberty interest arises where a sentence is exceeded in "an unexpected manner" or where an inmate is subject to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Even if Scally can show the loss of credits imposed an "atypical and significant hardship" on him, *Sandin*, 515 U.S. at 484, he would also have to establish he was deprived of the due process rights afforded prisoners who are charged with disciplinary violations. *See Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557, 564–71 (1974)). Those are: (1) 24-hour advanced written notice of the charges, (2) a written statement from the factfinder which identifies the evidence relied on and the reasons for the action taken, (3) an opportunity "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," (4) assistance at the hearing if he is illiterate or the matter is complex, and (5) a "sufficiently impartial" factfinder. *Wolff*, 418

U.S. at 564–71.  Here, Scally has not plausibly alleged he did not receive the first four *Wolff* rights.  In fact, Scally has attached to his SAC a copy of the Supplemental RVR which shows Scally was provided with notice of the charges more than 24 hours before the hearing, acknowledged he had received all of the reports associated with the violation, was assigned an Investigative Employee, Officer K. Kortsen, for his case, and that Kortsen questioned Shareef, Velasquez, and Freeman on his behalf at the hearing.  *See* SAC at 10–11.

As to the fifth *Wolff* right, Scally alleges Solomon violated his due process rights by finding him guilty at the RVR hearing even though the photograph of the weapon was dated 2012, Shareef testified Scally did not stab him, and Velasquez testified that Scally did not have a weapon during the incident.  SAC at 3.  As the Court explained to Scally in its previous dismissal Order, the hearing officer reasonably relied on Shareef's medical evaluation, which showed Shareef had been stabbed, as circumstantial evidence of Scally's possession of a weapon.  *See* SAC at 11.  She also noted that there was a typographical error on the photograph of the weapon.  *Id.*  Scally has failed to show that Solomon was not an impartial fact finder.  *See Wolff*, 418 U.S. at 564–71.  Accordingly, he has not stated a § 1983 claim for which relief can be granted.

To the extent Scally alleges he lost custody credits, a protected liberty interest could arise from that loss.  *Wolff*, 418 U.S. at 557.  But his due process claim would be barred unless and until he can demonstrate that the loss of credits has been invalidated or reversed.  *See Heck v. Humphrey*, 512 U.S. 477, 480-82 (1994) (holding that where success on a prisoner's § 1983 action would necessarily impact the validity of a conviction or duration of a sentence the prisoner must first invalidate the underlying conviction or sentence); *see also Edwards v. Balisok*, 520 U.S. 641, 643-47 (1997) (applying *Heck*'s favorable termination requirement to a prisoner's § 1983 action alleging deprivation of good time custody credits).

/ / /

/ / /

    *b.*  *Racial Discrimination*

Scally also claims he "was denied evidence that all other inmates are given regarding RVR's," which was the result of "racial discrimination." SAC at 5. As the Court has explained, the Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Vacco v. Quill*, 521 U.S. 793, 799, (1997) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982); *Tigner v. Texas*, 310 U.S. 141, 147 (1940); *Fraley v. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (per curiam). To state an equal protection claim Plaintiff must set forth facts which plausibly allege Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status.").

Scally has not alleged any facts which show he is a member of a protected class. *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011) ("[N]either prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes"). Nor has he shown that Defendants intentionally treated him differently than similarly situated individuals. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601-02 (2008) ("[W]hen it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a 'rational basis for the difference in treatment.'" (quoting *Olech*, 528 U.S. at 564)). Scally was not similarly situated to Shareef. After the altercation, Shareef was found to have puncture wounds and an inmate manufactured deadly weapon was later found in the area of the fight. SAC at 8. Thus, while both inmates were fighting, only Scally appears to have used a weapon. This provides a rational basis for giving Scally, and not Shareef, an RVR. Accordingly, the SAC fails to state a plausible claim for denial of equal protection.

## V. Leave to Amend

Because Scally has been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims against all named Defendants to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'" (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995))); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## VI. Conclusion and Order

For the reasons explained, the Court:

1. **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which § 1983 relief can be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b);

2. **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

3. **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: January 9, 2023

Hon. Janis L. Sammartino
United States District Judge